Filed 2/26/24  P. v. King CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098292 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CF05183) |
| v. | |
| SOMA RAINBOW KING, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Soma Rainbow King asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

On October 22, 2022, a Chico Police Department officer responded to reports of someone selling bicycles out of the back of a truck.  The officer located the truck and saw a number of bicycles in the back.  A female was talking to defendant by the truck, but when she saw the officer, she left.  Defendant volunteered, "It's not what it looks like."

1

Defendant identified himself as John Miller. He subsequently gave the officer his wallet, which contained a benefits card bearing his true name. The officer discovered defendant was on postrelease community supervision and arrested him for an active felony arrest warrant. In searching defendant, the officer found a sock in his pocket, inside of which were three bags containing fentanyl and mannitol with a total weight of 73.57 grams. The officer also found $1,920 in cash in a "bellyband" defendant was wearing. In the truck, the officer found a bag containing 18.90 grams of methamphetamine, and additional fentanyl. There were a number of "narcotics-related instant messages" found on defendant's cell phone.

A complaint deemed an information charged defendant with possession for sale of a controlled substance (Health & Saf. Code, § 11351; count 1), possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 2), and giving false information to a police officer (Pen. Code, § 148.9, subd. (a); count 3).

After waiving his rights, defendant pleaded no contest to count 2, possession for sale of a controlled substance (Health & Saf. Code, § 11378) in exchange for dismissal of the remaining counts. Defendant understood his maximum exposure was three years in prison. The parties agreed police reports and the probable cause declaration summarized in the probation report furnished the factual basis for defendant's plea. Defendant waived the right to have circumstances in aggravation supporting imposition of an upper term sentence proven beyond a reasonable doubt at a jury trial or court trial, and agreed that the court could find aggravating circumstances "based on the documents described above," and that the court could sentence him to the lower, middle, or upper term. The trial court granted the prosecution's motion to dismiss the remaining counts with a *Harvey*[1] waiver.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

2

Defendant was referred to drug court, but was found not suitable.

At sentencing, defense counsel requested the court find unusual circumstances and grant probation, or, in the alternative, requested imposition of the middle term. Finding this was not an unusual case within the meaning of Penal Code section 1203, subdivision (e), and separately "based on the nature, seriousness and circumstances of the case," the trial court denied probation. The court noted defendant had stipulated to the possible existence of aggravating circumstances that could support imposition of an upper term sentence. The court took judicial notice of certified records establishing defendant had prior convictions and had served prior prison terms. Finding the circumstances in aggravation, specifically defendant's prior convictions and prior prison terms, outweighed circumstances in mitigation, the court sentenced defendant to the upper term of three years in prison. The court imposed a $300 restitution fine (Pen. Code, § 1202.4), a matching suspended parole revocation restitution fine (Pen. Code, § 1202.45), a $40 court operations assessment (Pen. Code, § 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court waived the criminal lab analysis fee (Health & Saf. Code, § 11372.5) and the drug program fee (Health & Saf. Code, § 11372.7). The court credited defendant with 276 custody days including 138 actual days and 138 days of conduct credit.

Defendant filed a notice of appeal, indicating his appeal was based on the sentence or other matters occurring after the plea that did not affect the validity of the plea. Defendant did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from

3

defendant. Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                    /s/
                                         EARL, P. J.


We concur:


      /s/
ROBIE, J.


      /s/
MESIWALA, J.

4